IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANKLIN D. COLLINS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-423-WHA |
| | ) | [WO] |
| MONTGOMERY COUNTY | ) | |
| DETENTION FACILITY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery County Detention Facility located in Montgomery, Alabama, filed this action on June 18, 2013. He alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his incarceration at the jail in 2002-2003 as a result of mistaken identity. According to the complaint, an individual named Terrance Brown committed various crimes "in Plaintiff's name" by using his I.D., which resulted in Plaintiff's arrest and/or incarceration for crimes he did not commit. Plaintiff maintains he learned of additional criminal charges pending against him, including a drug possession charge committed in 2003, when he renewed his drivers license in 2010. At the time of that offense, however, Plaintiff maintains that he was incarcerated. Plaintiff brings this complaint against the Montgomery County Detention Facility and Terrance Brown.

Upon review of the complaint, the court concludes that dismissal of this case prior to

service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B). [1]


# I.  DISCUSSION

It appears  from the face of the complaint that Plaintiff's challenges against the named

defendants are barred by the statute of limitations applicable to actions filed by an inmate

under 42 U.S.C. § 1983.  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the proper

statute of limitations for § 1983 actions is the forum state's general or residual statute of

limitations for personal injury actions).  In Alabama, the general statute of limitations for

personal injury actions is two years. *See Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir.

1992); *Ala. Code* § 6-2-38(l).

Even if Plaintiff were able to demonstrate that his complaint is timely filed, it is still

subject to dismissal for the following reasons.  The Montgomery County Detention Facility

is not a legal entity and, therefore, is not subject to suit or liability under § 1983.  *See Dean

v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Nor may Plaintiff bring this complaint

against Mr. Brown.  An essential element of a 42 U.S.C. § 1983 action is that the alleged

constitutional deprivation was committed by persons acting under color of state law whose

conduct is reasonably attributable to the State. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S.

---

[1]  A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint
screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires
the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is
frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from
a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *Am. Mfrs.*, 526 U.S. at 49-50. Consequently, the Supreme Court has repeatedly insisted "that state action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id.* Here, there is no allegation, much less indication, that Terrance Brown acted under color of state law and/or may be considered a state actor.

In light of the foregoing, Plaintiff's claims against the named defendants are frivolous. As such, they are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To the extent Plaintiff seeks to attack the validity of his current confinement and/or a criminal conviction imposed upon him by an Alabama state court, he is entitled to no relief. Plaintiff's claims go to the fundamental legality of his conviction and/or confinement, and, consequently, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-89. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate

that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*.  Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's claims represent a challenge to the constitutionality of his criminal conviction and/or confinement.  A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this conviction and/or confinement.  It is clear from the complaint that the conviction or confinement about which Plaintiff complains has not been invalidated in an appropriate proceeding.  Consequently, the instant collateral attack on the conviction and/or confinement in question is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-90.  Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The § 1983 claims presented against the named defendants be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's challenge to the constitutionality of his confinement and/or conviction imposed upon him by an Alabama state court be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3.  This case be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before July 8, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

6

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 24th day of June, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE